JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff
*Juan L. Mozqueda-Leon*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUAN L. MOZQUEDA-LEON,<br><br>                    Plaintiff,<br><br>vs.<br><br>AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC., a foreign corporation; L&W SUPPLY CORPORATION, a foreign corporation; and, DOE INDIVIDUALS I through X; and ROE BUSINESS ENTITIES I through X,<br><br>                    Defendants. | Case No.: 2:22-cv- 00594-RFB-DJA<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**<br><br>*[SPECIAL SCHEDULING REVIEW REQUESTED]* |

Plaintiff JUAN L. MOZQUEDA-LEON and Defendants AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC and L&W SUPPLY CORPORATION, by and through their respective attorneys of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b).  The parties agree that discovery will be needed on the underlying facts relating to Plaintiff's claims, Plaintiff's damages, and the underlying facts relating to Defendants' denials and affirmative defenses raised in the Answer.

…

1

1. **Special Scheduling Review Requested And Fed. R. Civ. P. 26(a) Initial Disclosures:**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Court 26-1(d), on Wednesday, May 18, 2022, counsel for Plaintiff, Victoria L. Neal, Esq., of Kemp & Kemp, and counsel for Defendants, Elody C. Tignor, Esq., of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., conducted a meeting to discuss the relevant issues for discovery, possible early resolution of the matter, and other pertinent issues. Pursuant to these discussions, the parties agree that they will submit their initial disclosures on or before **Wednesday, June 1, 2022.**

The parties also request special scheduling review. Local Rule 26-(b)(1) directs the parties to measure the 180-day discovery period to begin when defendant first answered or otherwise appeared. On March 12, 2022, Plaintiff filed this suit against Defendants in the Eighth Judicial District Court, Case No. A-22-849618C. (ECF No. 1-2). Defendants timely removed to this Court on April 8, 2022, albeit *before* being served with the Summons and Complaint, and proceeded to timely file the Answer on April 15, 2022. (ECF Nos. 1 and 8). Defendants' counsel has agreed to accept service of the Summons and Complaint no later than May 31, 2022.

The parties scheduled the Rule 26(f) conference at their earliest opportunity, approximately one-month after the Answer was filed, on May 18, 2022. Given the timing, the parties request the Court grant their request for Special Scheduling Review and grant their request to have the discovery period measured from the May 18, 2022, Rule 26(f) conference.

2. **Discovery Cut-Off Date:**

The parties will endeavor to complete discovery by **Monday, November 14, 2022,** 180 days from May 18, 2022, the date of the Rule 26(f) conference.

…

…

**3.    Amending the Pleadings and Adding Parties:**

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and, therefore, not later than **Tuesday, August 16, 2022**.

**4.    Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

In accordance with Rule 26(a)(2), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than **Thursday, September 15, 2022.** Disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than **Monday, October 17, 2022,** as October 15, 2022, is a Saturday.

**5.    Dispositive Motions:**

The parties shall file dispositive motions not more than (30) days after the discovery cut-off date and, therefore, not later than **Wednesday, December 14, 2022**.

**6.    Pretrial Order:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than **Friday, January 13, 2023.** In the event a dispositive motion is filed, the date for the filing pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Stipulated Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time set forth in this paragraph.

. . .

3

**7.      Fed. R. Civ. P. 26(a)(3) Disclosures:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the parties shall file the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto with the Pretrial Order pursuant to Local Rule 26-1(b)(5) in the Joint Pretrial Order, not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than **Friday, January 13, 2023.**

**8.      Alternative Dispute Resolution & Request for ENE:**

The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and early neutral evaluation.

The parties hereby request the Court schedule a Early Neutral Evaluation ("ENE") in this case per Local Rule 16-5. In pertinent part, Local Rule 16-5 provides that "[t]he court may set any appropriate civil case for settlement conference or other alternative method of dispute resolution (ADR). . . " and that "[a]ll employment discrimination actions filed in this court must undergo early neutral evaluation as defined by this rule." (LR 16-6(a)).

This is an appropriate case for an ENE. Plaintiff's Complaint (ECF No. 1) states claims for: 1) interference in violation of the Family Medical Leave Act of 1993 (herein "FMLA"); 2) discrimination in violation of the Americans With Disabilities Act of 1990 as amended in January 2009, 42 U.S.C.A § 12101 et seq. (herein "ADAAA"); 3) discrimination based on disability in violation of Nevada Revised Statute § 613.330 et seq.; 4) retaliation in violation of the Americans With Disabilities Act of 1990 as amended in January 2009, 42 U.S.C.A. § 12101 et seq.; 5) retaliation based on disability in violation of Nevada Revised Statute § 613.330 et seq.; 6) Retaliatory Discharge in Violation of Public Policy – Workers' Compensation; 7) discrimination and retaliation in violation of 29 U.S.C § 621 et seq., the Age Discrimination in Employment Act of 1967 (herein "ADEA"), as amended from time to time; 8) discrimination and retaliation based on age in violation of Nevada

4

Revised Statute § 613.330 et seq. Accordingly, the parties request the Court assign a Magistrate Judge to preside over an ENE in this case, and that the assigned Magistrate Judge issue an ENE Order.

**9.  Alternative Forms of Case Disposition:**

The parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P.73 and the use of the Short Trial Program (General Order 2013-01) and do not consent to the same at this time.

**10.  Electronic Evidence at Trial:**

The parties certify they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. Discussions between the parties will be ongoing as the trial date approaches and they stipulate that they intend to present any electronic evidence in a format compatible with the court's electronic jury evidence display system.

**11.  Electronically Stored Information:**

The parties have undertaken efforts to retain any electronically stored information relevant to this matter and have agreed that, unless the requesting party asks for a definite and specific form, the party producing any electronically stored information need not provide such information in any certain form as long as the form provides the other party (ies) reasonable access to the information. The parties have further agreed that, to the extent any party seeks electronically stored information that would be cumulative, burdensome or unduly costly to produce, counsel for the parties will meet and confer in good faith should any dispute arise.

…

…

…

…

5

**12.     Extensions or Modifications of the Discovery Plan and Scheduling Order:**

In accordance with Local Rule 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty (21) days before the expiration of the subject deadline.

**13.     Protection of Privileged/Trial Preparation Materials:**

The parties prefer to handle these issues on an ad hoc basis as no consensus can be reached in advance. However, the parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product.

**14.     Fed.R.Civ.P. 45 – Notice to Other Parties Before Service Of Subpoena:**

Federal Rule of Civil Procedure 16(b)(3)(B) provides "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." The parties agree to provide no less than 5 calendar days' notice via email or facsimile before serving a subpoena.

**\*\* REMAINDER OF PAGE INTENTIONALLY LEFT BLANK\*\***

**15. Discovery Disputes:**

The parties agree that before moving for an order relating to discovery after complying with the Federal Rules of Civil Procedure and applicable Local Rules of the District, the moving party must request a status conference with the Court pursuant to FRCP 16(b)(3)(v).

DATED this 23rd day of May 2022.                    DATED this 23rd day of May 2022.

/s/ Victoria L. Neal                                                /s/      Elody C. Tignor

| James P. Kemp, Esq. | Suzanne L. Martin, Esq. |
| --- | --- |
| Nevada Bar No. 6375 | Nevada Bar No. 8833 |
| Victoria L. Neal, Esq. | Eldody C. Tignor, Esq. |
| Nevada Bar No. 13382 | Nevada Bar No.  15663 |
| KEMP & KEMP | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 7435 W. Azure Drive, Suite 110 | |
| Las Vegas, NV  89130 | 10801 W. Charleston Blvd., Suite 500 |
| | Las Vegas, NV 89135 |
| Attorneys for Plaintiff | Attorneys for Defendants |
| *JUAN L. MOZQUEDA-LEON* | *AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC and L&W SUPPLY CORPORATION* |

**IT IS HEREBY ORDERED** that the parties' Stipulated Discovery Plan and Scheduling Order is granted in part and denied in part.  The scheduling deadlines set forth in the plan are GRANTED.  The request contained in paragraph 15 for a conference with the Court before formal discovery motion practice is DENIED.  The parties shall meet and confer and brief any discovery disputes in accordance with Local Rule 26-6.

**IT IS FURTHER ORDERED** that the Clerk of Court assign this case to the Early Neutral Evaluation Program.

DATED this 25th day of May, 2022.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE